6967

BARRINEAU v. CHARLESTON CONSOLIDATED RAILWAY, GAS AND ELECTRIC CO.

1. EVIDENCE—EXCEPTIONS.—After admission of defendant of negligence, the only remaining question being as to amount of damages, exception alleging error in exclusion of evidence that it tended to show damages claimed were excessive will not be considered where record does not show such ground was stated in objection or motion for new trial made on that ground.

2. IBID.—Where there is evidence elicited from a witness that plaintiff was as well as usual, it is not error to rule out question to same witness to the effect that plaintiff was engaged in an occupation which might subject him to criminal prosecution.

3. CROSS-EXAMINATION.—Limits of cross-examination are within discretion of trial Judge.

Before GAGE, J., Charleston, November term, 1907. Affirmed.

Action by Wm. R. Barrineau, Jr., by guardian, against Charleston Consolidated Railway, Gas and Electric Company. From judgment for plaintiff, defendant appeals.

*Messrs. Mordecai & Gadsden, Rutledge & Hagood,* for appellant, cite: *Defendant should have been permitted to show plaintiff was able to engage in his usual occupation:* 3 Elliott on Ev., sec. 1990. *The provision of a witness testifying against himself does not apply to others in his behalf: Hale* v. *Henkle,* 201 U. S.; 1 Green. Ev., sec. 456; 44 S. C., 330. *On cross-examination witness may be asked such questions as tend to modify his evidence in chief:* 16 S. C., 556; 5 Strob., 41; 25 S. C., 322; 29 S. C., 578; 35 S. C., 201; 55 S. C., 247.

*Messrs. Logan & Grace,* contra, cite: *Whether plaintiff was engaged in selling lottery tickets was irrelevant in this case:* 79 S. C., 273; 33 S. C., 582. *Relevancy of evidence is discretionary with trial Judge:* 17 S. C., 134; 11 S. E., 440; 15 S. E., 277; 26 S. E., 377; 60 S. C., 70; 65 S. C., 26; 79 S. C., 122.

July 23, 1908. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages, alleged to have been sustained by the plaintiff while mounted on a wagon, which was being driven along one of the streets in Charleston, through the negligence and recklessness of the defendant, in backing one of its cars against the wagon, thereby injuring the plaintiff.

The defendant admitted its negligence, and that the only issue was as to the amount of the damages.

The jury rendered a verdict in favor of the plaintiff for seven hundred dollars, and the defendant appealed, upon the following exceptions:

1. "Because the presiding Judge erred in sustaining the objection of plaintiff's counsel to the following question asked the witness, W. R. Barrineau: Q. Hasn't he got a book, as you call it, now?

A. "The error assigned being that said question was competent, in view of the explanation given by counsel to the Court as to the meaning of said question, 'Hasn't he got a book?' as tending to show that subsequent to the injury of plaintiff, and at the time of trial, the plaintiff was able to engage in, and was engaged in, an occupation which earned for him a livelihood, and was, therefore, in contradiction to the direct testimony of this witness.

B. "The further error assigned being, that in view of the explanation made by counsel to the Court of what the expression, 'Hasn't he got a book?' meant, this testimony was competent as showing plaintiff's employment at the time and before the time of the trial, and subsequent to the injury alleged.

2. "Because the Court erred in refusing to allow defendant's witness, W. B. Gruber, to testify as to the plaintiff's occupation at the time, and preceding the time of trial, and subsequent to the injury alleged.

"The error assigned being that such testimony tended to show, and would have shown, that the plaintiff was able to work—was engaged in an occupation from which he earned a livelihood, and in addition to the contradiction of the testimony of the plaintiff and Wm. R. Barrineau, the guardian, went directly to the measure of damages sought to be obtained."

The question, "Hasn't he got a book?" referred to the business of being engaged in the sale of lottery tickets.

The exceptions will be considered together:

After the admission of the defendant's attorneys that the only issue was as to the amount of damages, the only ground

upon which the testimony would have been admissible, was that the damages were excessive, yet the record fails to show that this question was raised in any way. The defendant did not even make a motion for a new trial on this ground, in which case his Honor, the presiding Judge, would have had the opportunity of ruling upon the question and granting the proper relief.

Furthermore, the witness, Gruber, was allowed to testify as follows: "Q. Well, you have seen him constantly around? A. I have. Q. About the streets? A. Yes, sir. Q. And on and off the cars? A. On and off the cars, just as well as usual."

If the object in asking the question, "Hasn't he got a book?" was to show that after the injury the plaintiff was able to work, then it was accomplished when the witness testified that he was "just as well as usual;" and there was no necessity to bring out such fact by a question that tended to make the plaintiff amenable to the criminal law, and thereby prejudice his case in the eyes of the jury.

An additional reason why the first exception can not be sustained is that the question was asked upon cross-examination, the limits of which are within the discretion of the presiding Judge, and the Court will not interfere with his ruling, unless there is an abuse of discretion, which has not been made to appear in this case. *Wilson* v. *Moss,* 79 S. C., 120.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.